UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY S. GOODYEAR,

          Plaintiff,

vs.                          Case No. 2:07-cv-130-FtM-34DNF

STATE OF FLORIDA,

          Defendant.
_____

## ORDER OF DISMISSAL[1]

This matter comes before the Court upon review of Plaintiff's "U.S. District Court Formal Complaint,"[2] filed March 2, 2007. (Doc. #1.) Plaintiff filed a motion to proceed *in forma pauperis* on April 4, 2007. (Docs. #7, #8.)

Plaintiff, who is proceeding *pro se* and who is currently incarcerated in the Lee County Jail, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging constitutional violations stemming from "perjured, falsified, [sic] police reports." Plaintiff further alleges that the Honorable Judge Reese, a state court judge, is in violation of the code of judicial ethics and has "colluded" with the state attorney's office. As relief, Plaintiff requests that this Court "immediately remove" Judge Reese as the presiding judge

---

    [1]This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the issues addressed herein and is not intended for official publication or to serve as precedent.

    [2]Plaintiff titles his Complaint "Amendment to Disqualify under Rule 2.160." It appears that Plaintiff relies upon a state rule, not a federal rule.

over his pending state criminal case because the judge "has only pro-longed [sic] this issue."

The Prison Litigation Reform Act requires the Court to determine whether this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

A complaint filed *in forma pauperis* that fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

Here, Plaintiff's claim is fatally flawed and must be dismissed. First, the relief Plaintiff seeks, which is removal of Judge Reese from his case, is not within the federal court's jurisdiction. Essentially, Plaintiff requests a writ of mandamus. However, federal writs of mandamus are only available to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Federal courts do not have the jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties. Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973).[3]

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent (continued...)

Additionally, Plaintiff names the State of Florida as the only Defendant. Neither a state or its agencies may be sued as a named defendant in federal court absent the state's consent pursuant to the Eleventh Amendment. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 101-102 (1984) ("[I]n the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). The state of Florida has not consented to suits of this nature. Bailey v. Silberman, 2007 WL 966578 *2 (11th Cir. 2007); Gamble v. Fla. Dept. of Health and Rehabilitative Services, 779 F.2d 1509, 1515 (11th Cir. 1986).

Even if Plaintiff amended his Complaint, Plaintiff cannot proceed with the Complaint until he can satisfy the Heck standard. To the extent Plaintiff is challenging alleged unlawful conduct leading to an unconstitutional conviction, Plaintiff must show that the challenged conviction was reversed, expunged or otherwise invalidated as required by the Heck standard:

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that

---

[3](...continued)
all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994) (emphasis original). Plaintiff does not satisfy the <u>Heck</u> standard.

While viewing the facts alleged in the light most favorable to Plaintiff, the Court concludes that no relief could be granted against the Defendant under any set of facts that could be proved consistent with the allegations in Plaintiff's § 1983 Complaint. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106-107 (1976); <u>Farrow v. West</u>, 320 F.3d 1235 (11th Cir. 2003). Thus, Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

ACCORDINGLY, it is hereby **ORDERED**:

1. Plaintiff's Complaint (Doc. #1) is **dismissed** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Clerk of Court shall: (1) terminate any pending motions; (2) enter judgment accordingly; (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this 16th day of April, 2007.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record